IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| **PATTY MARTIN** | : | |
| | : | **Case No.: 2:09-cv-00363** |
| **Plaintiff** | : | |
| | : | |
| vs. | : | **Magistrate Judge Kemp** |
| | : | |
| **MARS PETCARE** | : | |
| | : | |
| **Defendant** | : | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff, Patty Martin ("Plaintiff"), filed the Complaint in the above-captioned action on May 5, 2009 against Defendant, Mars Petcare ("Mars" or "Defendant"), alleging Race Discrimination in Employment;

WHEREAS, after removing the case to this Court, Defendant filed an Answer on May 13, 2009;

WHEREAS, the Parties to this action recognize that certain documents will be produced that may contain confidential information;

WHEREAS, the Parties desire to minimize the necessity for objections and motions and to avoid interruption or delay in the flow of information relevant to or discoverable in this litigation by piecemeal motions for protective orders or other unnecessary discovery motions;

{H1907627.1 }

WHEREAS, Defendant has identified certain documents relevant to this matter which have been requested during discovery which contain certain personnel information ("Personnel Information") about individuals, other than the Plaintiff, who have been employed by Defendant, which it considers confidential;

WHEREAS, Defendant has identified certain documents relevant to this matter and which will most likely be requested during discovery which contain certain proprietary business information ("Business Information") which it considers confidential;

WHEREAS, this confidential personnel and proprietary business information should be given the protection of an Order to prevent it from being disseminated or used outside this litigation;

WHEREAS, the Parties have stipulated and agreed, through their respective undersigned counsel, to the following terms regarding the disclosure of information in this litigation that is confidential; and

For good cause shown;

IT IS on this 10th day of June, 2010 HEREBY ORDERED:

1. <u>Scope</u>. This Protective Order ("Protective Order") specifically governs the production, use, and handling of Personnel Information for individuals other than Plaintiff and confidential Business Information produced or exchanged by, to, or with any person involved in this lawsuit. "Personnel Information," as it is used herein, means (a) all documents related to applications for employment or promotions, qualifications for said positions and interviews; (b) all documents contained in these other associates' personnel files; (c) all documents related to their performance evaluations; (d) any parts or portions thereof; (e) anything prepared for,

{H1907627.1 }

derived from, or incorporating the foregoing; (f) any summaries containing dates of employment, discipline, or reasons for termination; or (g) duplicates or in any form.  "Business Information," as it is used herein, means (a) the Company's policies and procedures; (b) all information relative to the Company's operations and performance, including analyses of costs of various business options; (c) other information containing trade secrets or other confidential research, development, or proprietary commercial information not generally available to the public; and (d) anything prepared for or derived from or incorporating the foregoing.  "Confidential," as it is used herein, means any non-public Discovery Material that is entitled to a protective order under the Federal Rules of Civil Procedure or other applicable state or federal law.  "Attorney's Eyes Only Material" consists of Confidential Discovery Material that counsel for a producing party believes in good faith contains trade secrets or highly sensitive personnel, commercial, financial, or business information, the disclosure of which would adversely affect the producing party.

   2. <u>Procedure for Designating Personnel and Business Information as "Confidential" or "Attorney's Eyes Only."</u>  The Counsel of record for any party shall identify Confidential Personnel or Business Information, or Attorney's Eyes Only Material, by placing on the Discovery Material (in such manner as will not interfere with the legibility thereof) a notice identifying the material as "Confidential" or "Attorney's Eyes Only."  The Counsel of record for any party shall identify Confidential Material or Attorney's Eyes Only Material at the time of its production.

    a. *Deposition Transcripts*.  If Confidential Personnel Information for anyone other than Plaintiff, Business Information, or Attorney's Eyes Only Material is the subject of deposition testimony or used as an exhibit, the Parties agree that the transcript and all copies

{H1907627.1 }

shall be marked with the legend "Confidential" or "Attorney's Eyes Only."

    b.  *Filings*.  If Confidential Personnel or Business Information, or Attorney's Eyes Only Material, is contained in material to be filed with the Court, the party seeking to have the Confidential Material filed with the Court shall file the material under seal pursuant to Local Rule of Court 79.3.  The material shall be filed in a sealed envelope marked on the outside with the caption, identifying each item contained within, and a statement as follows:

"**CONFIDENTIAL INFORMATION - SUBJECT TO A PROTECTIVE ORDER**."

  3.  <u>Disputes as to Designation of Confidential Information</u>.  A party may contest the designation of any information designated as "Confidential" or "Attorney's Eyes Only."  A failure to challenge the designation shall not constitute agreement that it is valid.  If a party objects in writing to another party's designation of "Confidential" or "Attorney's Eyes Only" Information and the parties are unable to resolve the dispute within ten (10) days from receipt of that writing, then the party objecting to the designation of the information shall immediately seek an order from the Court or Magistrate, as the case may be.  In any such dispute presented to the Court, the party asserting the designation of confidentiality shall have the burden of demonstrating the propriety of that designation.  The information shall be treated as properly designated until the motion is determined.

  4.  <u>Restrictions on Use and Disclosure of Protected Information</u>.  Confidential Personnel and Business Information or Attorney's eyes Only Material shall be used solely in connection with and only as necessary to the litigation of this matter and any related appellate proceeding and not for any other purpose, whether business of social in nature.  The substance and/or content of Confidential Personnel and Business Information or Attorney's Eyes Only

{H1907627.1 }

Material may only be disclosed pursuant to the terms and conditions of this Protective Order.

        a.     Confidential Personnel and Business Information may be disclosed to:

          i.     The Judge presiding over this lawsuit, his staff attorney(s) and bailiff(s), and any stenographic reporters, to the extent necessarily incident to the litigation of this action;

          ii.     The Parties' legal counsel, together with their respective partners, associates, clerks, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this lawsuit;

          iii.     The Parties, to the extent necessarily incident to the litigation of this action (except Attorney's Eyes Only Material);

          iv.     Copying services, experts, investigators, and consulting attorneys; and/or

          v.     To anyone else by Court Order or subpoena, or as otherwise required by law.

        b.     Confidential Personnel and Business Information may also be disclosed to, but copies of such documents shall not be given to, prospective witnesses who may have relevant knowledge regarding the information.  Counsel shall inform such persons of this Protective Order and its contents.

        c.     Attorney's Eyes Only Material may only be disclosed to (i) counsel of record for the parties; (ii) the Court, or (iii) expert witnesses retained by the parties, provided that the expert witness has executed a Non-Disclosure Agreement.

{H1907627.1 }

5. <u>Use of Confidential Personnel and Business Information and Attorney's Eyes Only Material at Deposition, Hearing, or Arbitration</u>.  Whenever Confidential Personnel and Business Information or Attorney's Eyes Only Material is to be referred to or disclosed in a deposition, hearing, or trial, a Party may exclude from the room any person who is not entitled to receive such Information or Material pursuant to this Protective Order.  Use of Confidential Personnel or Business Information, or Attorney's Eyes Only Material, during litigation will be subject to the ruling by the presiding judge.  This agreement does not affect the use of any documents or information at trial.

6. <u>Custody of Confidential Personnel and Business Information or Attorney's Eyes Only Material</u>.  Confidential Personnel or Business Information or Attorney's Eyes Only Material and any copies or extracts thereof shall be retained in the custody of the attorneys of record during the pendency of this lawsuit except as reasonably necessary to provide access to persons authorized under the provisions of this Protective Order.

7. <u>Procedure on Termination of Action</u>.  Within sixty (60) days of the final termination of this lawsuit, whether by judgment, settlement, or conclusion of proceedings on appeal, each Party shall destroy or return to the Producing Party any material containing Confidential Personnel and Business Information to the Producing Party.  Notwithstanding the foregoing, the attorneys of record may retain all correspondence, depositions, pleadings, briefs, memoranda, motions, and other documents containing attorney-client privileged materials and/or attorney work product that refers to or incorporates the Confidential Personnel and Business Information and will continue to be bound by the terms of this Protective Order with respect to the retained information.

Promptly upon the conclusion of this action, all Attorney's Eyes Only Material shall be returned to the Producing Party.  Counsel may retain copies of papers filed in this action which contain Attorney's Eyes Only Material provided such papers are maintained in accordance with the restrictions contained in this Protective Order.  Counsel may retain notes, correspondence, and any work product materials which contain Attorney's Eyes Only Material provided such notes, correspondence, and work product materials are maintained in accordance with the restrictions contained in this Protective Order.

8. *Effective Date*.  This Protective Order shall become effective immediately upon its entry by the Court in this action.

9. *Amendment*.  This Protective Order may be amended only by the written agreement of counsel for the parties, in the form of a stipulation subject to approval by the Court, or upon duly noticed motion seeking relief from or modification of this Order from the Court.

*APPROVED:*

| | |
|---|---|
| /s/ *William J. O'Malley* | By: /s/ *William J. Barath* |
| William J. O'Malley, Esquire (0056091) | William J. Barath, Esq. |
| 4591 Indianola Avenue | SCHOTTENSTEIN, ZOX & DUNN |
| Columbus, OH  43214-2222 | 250 West Street |
| Telephone:  614-262-8360 | Columbus, OH   43216 |
| Facsimile:  614-262-5732 | Telephone:  614-462-2311 |
| Email:  omalleywj@aol.com | Facsimile:  614-228-4854 |
| *Trial Attorney for Plaintiff* | Email:  wbarath@szd.com |
| *Patty Martin* | *Trial Attorney for Defendant Mars Pet Care, US, Inc.* |

*SO ORDERED:*

/s/ Terence P. Kemp
United States Magistrate Judge

{H1907627.1 }